IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARLIN MAURICE DUMAS,

    Petitioner,

v.                         ACTION NO. 2:13-cv-398

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

### FINAL ORDER

    Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss the Petition. In his Petition, Dumas, by counsel, challenges the constitutionality of his sentence, after he pled guilty on May 19, 1997, and was convicted in the Circuit Court for the City of Norfolk of capital murder, malicious wounding, two counts of robbery, and two counts of abduction. On July 18, 1997, the Circuit Court for the City of Norfolk sentenced Dumas to life in prison without parole for capital murder, plus fifty years in prison for the other five convictions.

    In his petition, Dumas argues that the United States Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), announced a new rule that is retroactively applicable to his case, now before the Court on collateral review. Specifically, Dumas argues that under Miller, the sentence of

life imprisonment without parole for homicides committed while he was under the age of eighteen violates the Eighth Amendment's prohibition on cruel and unusual punishment.

The Petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B)-(C), and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation entered on May 13, 2014, recommends granting the Respondent's motion to dismiss and dismissal of the Petition with prejudice. ECF No. 9. Specifically, the Magistrate Judge found the rule announced in Miller was neither a substantive rule, nor a watershed rule of criminal procedure, and thus not applicable to cases on collateral review. Therefore, the Magistrate Judge recommended dismissal of the petition as time-barred by the Anti-terrorism and Effective Death Penalty Act of 1996's one-year statute of limitation. See 28 U.S.C. § 2244(d)(1)(C). The parties were advised of their right to file written objections to the Report and Recommendation. The Court received the Petitioner's objections on May 30, 2014. ECF No. 10. The Respondent did not file a response to the Petitioner's objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo the Magistrate Judge's Report and Recommendation, and the Petitioner's objections. After review, the Court fully accepts the findings and recommendations of the Magistrate Judge, and accordingly, hereby **ADOPTS** and **APPROVES** the Report and Recommendation, ECF No. 9, in its entirety as the Court's own opinion. The objections by the Petitioner, ECF No. 10, are **OVERRULED**. Therefore, the Respondent's motion to dismiss, ECF No. 5, is **GRANTED**. Furthermore, it is **ORDERED** that the petition, ECF No. 1, is **DENIED** and **DISMISSED** as time-barred by the statute of limitations. It is further **ORDERED** that judgment be entered in favor of the Respondent.

The Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

Furthermore, because a case that addresses this issue under Miller is currently pending in the United States Court of Appeals for the Fourth Circuit, see Johnson v. Ponton, No. 13-7824, and because there are some state courts that have decided the Miller issue in the alternative, the Petitioner has made the substantial showing required for a certificate of appealability

pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)(1), and, therefore, the Court grants the certificate of appealability as to whether the new constitutional rule announced in Miller is retroactively applicable to cases on collateral review. See 28 U.S.C. § 2253(c)(3); see also Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to counsel of record for the Petitioner and the Respondent.

It is so ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: 6-20-14